UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**TIEL JENKINS,**

   Plaintiff,

v.                                         No. 4:22-cv-1021-P

**AMEDISYS HOLDINGS, LLC,**

   Defendant.

## OPINION AND ORDER

Before the Court is Defendant Amedisys Holdings, LLC's Motion for Summary Judgment (ECF No. 21). For the following reasons, the Court concludes that the Motion is **GRANTED**.

## BACKGROUND

Plaintiff began her employment as a part-time manager of Volunteer Services in July 2018 for a company which provided home hospice care. *Id.* at 2; ECF No. 23 at 13–14. The company was bought by Defendant in December 2019. ECF No. 1 at 2–3. In September 2020, Plaintiff was promoted to be a full-time business office manager, where she was responsible for payroll, billing, and ordering supplies. ECF No. 23 at 33, 130–31.

In late December 2020, Plaintiff began a request for an accommodation allowing her to work from home every afternoon to mitigate symptoms of her multiple sclerosis. ECF No. 23 at 44. Plaintiff claimed that she suffered from pain, fatigue, spasms, and various uncontrollable bowel and bladder conditions as a result of her condition, and that working from home with access to a private bathroom and more comfortable seating would help alleviate her symptoms. *Id.* at 78–79. Defendant then provided two sets of forms to be completed, one by Plaintiff and the other by her medical provider, to assess Plaintiff's

condition and any potential limitations on her ability to fulfill her duties at work. *Id.* at 71–72.

After evaluation, Plaintiff's medical provider concluded that Plaintiff had a "physical or mental impairment," but that her impairment did not "substantially limit a major life activity" or impede her ability to carry out her job functions. *Id.* at 184. Plaintiff's medical provider recommended that she be able to take leave when necessary. *Id.* Defendant then denied Plaintiff's requested accommodation but referred her to other potentially available leave options. *Id.* at 99–100, 188.

Plaintiff's employment was terminated in January 2021, allegedly for separate compliance-based reasons. *Id.*, at 191. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on Defendant's denial of her accommodation request. *Id.* at 198. She then sued, alleging failure to accommodate, harassment, hostile work environment, and retaliation in violation of the ADA. ECF No. 1. Defendant then filed this motion for summary judgment as to all of Plaintiff's claims. ECF No. 21.

## LEGAL STANDARD

Summary Judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact" and "is entitled to judgment as a matter of law." FED. R. CIV. P. 55(a). A dispute is "genuine" if the evidence presented would allow a reasonable jury to return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242–43 (1986). A fact is "material" when it might affect the outcome of a case. *Id.* at 248. Generally, the "substantive law will identify which facts are material," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.*

When determining whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmovant. *First Am. Title Ins. Co. v. Cont'l Cas. Co.*, 709 F.3d 1170, 1173 (5th Cir. 2013). In conducting its evaluation, the Court may rely on any admissible evidence available in the record but need only consider those materials cited by the parties. FED. R. CIV. P. 55(c)(1)–(3). But the Court need not sift through the record to find evidence in support of the

nonmovant's opposition to summary judgment; the burden falls on the moving party to simply show a lack of evidence supporting the nonmovant's case. *See Malacara v. Garber*, 353 F.3d 393, 404–05 (5th Cir. 2003).

## ANALYSIS

Defendant filed this motion as to all claims raised by Plaintiff. ECF Nos. 1, 22. The Court addresses each in turn.

### A. Plaintiff's claims for retaliation, discriminatory termination, harassment, and hostile work environment.

Plaintiffs must exhaust their administrative remedies by filing a charge with the EEOC as a precondition to suing in district court. *Cruce v Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863–64 (5th Cir. 1983). "Failure to exhaust is grounds for dismissal." *Williams v. Tarrant Cnty. Coll. Dist.*, 717 Fed. App'x 440, 445 (5th Cir. 2018).

ADA claims are proper in federal court only when they fall within the scope of the investigation which can reasonably be expected to grow out of the initial EEOC Charge of Discrimination. *Williams*, 717 F. App'x at 445. The scope of an EEOC charge should not be "strictly interpreted," and a subsequent suit "may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of [that] allegation during the pendency of the case before the Commission." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465–66 (5th Cir. 1970); *see also Stingley v. Watson Quality Ford, Jackson, Miss.*, 836 Fed. App'x 286 (5th Cir. 2020) (holding that the court should liberally construe a plaintiff's EEOC Charge of Discrimination). And "[c]ourts assess whether a claim is 'like or related' to the underlying EEOC charge through a 'fact intensive analysis of the statement given by the plaintiff in the administrative charge, and [by] look[ing] slightly beyond its four corners, to its substance rather than its label.'" *Stingley*, 836 F. App'x at 291 (quoting *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006)).

Defendant contends that Plaintiff failed to exhaust her administrative remedies for her claims of retaliation, harassment,

3

hostile work environment, and discriminatory termination.[1] ECF No. 22 at 18. Plaintiff counters with the Fifth Circuit's decision in *Stingley* to argue that the Court should liberally construe her EEOC filing and allow her failure-to-accommodate charge to include her other claims. ECF No. 24 at 9–10.

Plaintiff's Charge of Discrimination only alleges disability discrimination. ECF No. 23 at 201. Further, Plaintiff only selected the "disability" box on her Charge, and only described the denial of her accommodation request in the "particulars" section of the form. *Id.* Additionally, the EEOC's investigation only found "reasonable cause" to support a discrimination allegation for "failing or refusing to accommodate [Plaintiff's] disability." *Id.* at 203. Thus, Plaintiff's charge and subsequent claim are based on a failure to accommodate her disability alone. Plaintiff never raised any charge of retaliatory termination, workplace harassment, or hostile work environment in her submission to the EEOC. ECF No. 23 at 201. Indeed, the termination on which Plaintiff seeks to rely to claim "retaliation" occurred roughly one month before her filing the charge where she failed to mention it. *Id.* at 140–41, 201; ECF No. 25 at 19. Plaintiff's charge does allege January 28, 2021, as the latest act of discrimination, *Id.* at 13, which may be an attempt to imply her termination as that act. But even looking "beyond the four corners" of Plaintiff's charge to "[its] substance rather than [its] label," the Court cannot conclude that Plaintiff's reference to a discriminatory act only by mentioning the date it occurred would give rise to an independent basis for investigation.

Thus, the Court concludes that Plaintiff's claims for retaliation, harassment, and hostile work environment are not "like or related to

---

[1] Plaintiff's Original Complaint pled "disability discrimination, retaliation, harassment, and hostile work environment in violation of the ADAAA including failure to accommodate" as a single count. ECF No. 1 at 7. However, Plaintiff then only pled facts that could relate to a claim for failure to accommodate. *Id.* at 7–8. Plaintiff's response brief then appears to conflate or repeat allegations of "discriminatory termination" and "retaliation." ECF No. 24 at 9–12. While the Court recognizes that "throwing everything but the kitchen sink" at one's opponent is a popular strategy in civil litigation, it is recommended that one assert claims that are legally recognizable. Thus, the Parties' briefing has used differing interchangeable terms to describe the same remainder of issues. The Court will therefore first address all of Plaintiff's claims beyond her failure-to-accommodate claim jointly and as described here.

[her] underlying EEOC charge" alleging a failure to accommodate. It is unreasonable to expect that the scope of an EEOC investigation into whether Defendant improperly denied Plaintiff's request to regularly work from home would naturally yield additional inquiries into whether she had been harassed at work or wrongly fired. To be sure, Plaintiff's Complaint and response briefing are rife with facts and allegations which could be relevant to Plaintiff's additional claims. But none are properly presented to this Court for review as she did not exhaust administrative remedies as to these claims

Because Plaintiff failed to exhaust her administrative remedies, the Court **GRANTS** summary judgment for Defendant as to Plaintiff's claims for retaliation, discriminatory termination, harassment, and hostile work environment.

### B. Plaintiff's claim for failure to accommodate.

The only question here is whether Defendant violated the ADA in denying Plaintiff's accommodation request. The Court concludes that it did not.

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to . . . the terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To prevail on a claim for failure to accommodate, a Plaintiff must show that: (1) she is a qualified individual with a disability; (2) the disability and its limitations were known by her employer; and (3) her employer failed to reasonably accommodate the disability. *Feist v. La. Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013).

Under the ADA, "disability" means "(A) a physical or mental impairment that substantially limits one or more of the major life activities of the individual; (B) a record of such impairment; or (C) being regarded as having such impairment." *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 724 (5th Cir. 1995). A "major life activity" may include "[t]he operation of a major bodily function, including . . . bowel, [or] bladder functions." 29 CFR § 1630.2(i)(1)(ii). And a "substantial limitation" is one which "limits the ability of an individual to perform a

major life activity as compared to most people in the general population." 29 CFR § 1630.2(j)(1)(ii).

But "[t]he primary object of attention in [these cases] should be whether [covered employers] have complied with their obligations and whether discrimination has occurred, not whether an individual's impairment substantially limits a major life activity." 29 CFR § 1630.2(j)(1)(iii).

"Where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent . . . the initial burden rests primarily on the employee, or his healthcare provider, to specifically identify the disability . . . and to suggest the reasonable accommodations." *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 165 (5th Cir. 1996). Then, "an employer [must] engage in an interactive process with an employee who requests an accommodation for her disability to ascertain what changes could allow her to continue working." *Dillard v. City of Austin, Tex.*, 837 F.3d 557, 562 (5th Cir. 2016) (citing *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 700 (5th Cir. 2014)). Thus, an employer's violation of the ADA occurs when it fails to engage with the employee in good faith or stymies that process. *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 621 (5th Cir. 2009). So, this Court's "primary object of attention" is: (1) whether Defendant sufficiently engaged in that process, and (2) whether Defendant has met its burden to show an "absence of evidence" from Plaintiff that would create a genuine dispute otherwise.

Defendant argues that it properly engaged in an interactive process and relied on Plaintiff's medical evaluation to conclude that she was not a "qualified individual" entitled to an accommodation under the ADA. ECF No. 22 at 20.

Plaintiff initiated her accommodation request in December 2020, requesting that she be allowed to work from home every day. ECF No. 23 at 44, 77–78. Plaintiff never formally requested an accommodation before and never mentioned her need for an alternate work schedule *as a result* of her condition. ECF No. 22 at 68–69. Defendant provided Plaintiff with the appropriate forms to determine whether, and how

much, Plaintiff's condition required accommodations. ECF No. 23 at 71–72. Plaintiff's medical provider concluded that Plaintiff *did* have a "physical or mental impairment," but that impairment *did not* "substantially limit a major life activity." *Id.* at 184. Plaintiff's medical provider recommended she be allowed to "work from home as needed" and "[be] able to take leave if she is feeling sick." *Id.* at 185. By selecting the appropriate boxes on the form, Plaintiff's medical provider concluded that none of her current job functions were impeded by her impairment, but that they may be improved with those recommendations. *Id.* at 185–86.

As a result, Defendant denied Plaintiff's request to work from home daily but referred her to third-party managed leave options she could pursue if she chose to do so. *Id.* at 99–100, 188. Plaintiff never responded to the denial of her accommodation, nor did she attempt to alternatively secure leave. *Id.*

"[T]he applicable law will determine which facts are material," and Plaintiff's failure-to-accommodate claim is the only one properly pled. Thus, the Court determines that the only material facts here are those related to whether Defendant "engaged in [an] interactive process" sufficient for the ADA.

The undisputed facts before the Court show that: (1) Plaintiff initiated the process to request a reasonable accommodation for her disability, having never requested or mentioned the need for an accommodation before; (2) Defendant provided the appropriate forms for Plaintiff and her medical provider to complete; (3) Plaintiff's medical provider concluded that her impairment did not substantially limit a major life activity or impede her ability to carry out her job functions; (4) Plaintiff's medical provider recommended working from home or taking leave "as needed"; and (5) Defendant responded by offering an alternative leave option that Plaintiff may have qualified for but that she never pursued.

While Plaintiff may be dissatisfied with these facts, she does not prove a genuine dispute over any of them. ECF No. 24 at 8–9. Nor does Plaintiff offer evidence that Defendant discriminated against her in the

interactive process of investigating the extent of her disability limitations. *Id.* Even evaluating Plaintiff's allegations in the light most favorable to her as the nonmovant, this Court would reach too far to conclude that Plaintiff's mere recitation of these facts creates a sufficient challenge to avoid summary judgement.

The relevant portions of Plaintiff's argument, at most, rely on the conclusion of the EEOC that a "reasonable basis" to find discrimination existed when Defendant denied Plaintiff's requested accommodation, after a period of four months during which Plaintiff was allowed to work from home. ECF No. 25 at 16–17. But, according to Plaintiff's own declaration, it appears Plaintiff was "previously allowed to work from home" on a rotating schedule due to her employer's COVID-19 work-from-home policy, not because she was accommodated for her disability. ECF No. 24 at 8–9; ECF No. 25 at 3–8.

Based on this Court's review of these undisputed facts, the ADA, and Fifth Circuit precedent, this Court determines that Defendant met its obligations under the ADA. Thus, Defendant's motion for summary judgment as to Plaintiff's failure-to-accommodate claim is **GRANTED**.

## CONCLUSION

Because Plaintiff failed to exhaust her administrative remedies on her claims of retaliation, discriminatory termination, harassment, and hostile work environment; and because there is no genuine dispute of material fact as to Plaintiff's failure-to-accommodate claim, Defendant's Motion for Summary Judgment (ECF No. 21) is hereby **GRANTED.**

**SO ORDERED** on this **13th day of April 2023.**

*[Signature: Mark T. Pittman]*

**MARK T. PITTMAN**
**UNITED STATES DISTRICT JUDGE**